# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAMON R JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et. al,<br><br>　　　　Defendants. | Case No. 2:20-cv-02364-KJD-VCF<br><br>ORDER |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner. On June 9, 2021, this Court issued an order denying the application to proceed *in forma pauperis* for prisoners as moot because Plaintiff was no longer incarcerated. (ECF No. 8). The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $402.00 within thirty (30) days from the date of that order. (*Id.*) The thirty-day period has now expired, and Plaintiff has not filed an application to proceed *in forma pauperis* for non-prisoners, paid the full filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee within thirty (30) days expressly stated:

"IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 8). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee within thirty (30) days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with this Court's June 9, 2021 order. If Plaintiff wishes to pursue any claims, he must file a complaint in a <u>new</u> action with the required fee or application to proceed *in forma pauperis* for non-prisoners.

It is further ordered that the Clerk of Court shall enter judgment accordingly and close this case. **No other documents shall be filed in this case.**

DATED THIS 16 day of July 2021.

_____
UNITED STATES DISTRICT JUDGE